UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x

RONALD LIPTON and BRETT LIPTON,    **RULE 7.1 STATEMENT**

                        Plaintiffs,

                                                               00 CIV 319 (HGM)(RFT)

    -against-

JOHN WOOTON, KEVIN LANE, EDWIN BREWSTER,
TOWN OF WOODSTOCK, TOWN OF SAUGERTIES,
GREG HULBERT, Chief of the Town of Saugerties
Police Department, and JOHN DOE, an unidentified
Town of Saugerties Police Officer,

                        Defendants.
--------------------------------------------------------------------x

       The defendants, as and for their Rule 7.1 Statement, assert the following are material facts over which there exits no genuine issue.

       1.     On February 14, 1999 plaintiffs were driving through the Town of Woodstock on their way to find Paula Wrolsen, a former girlfriend of Ronald Lipton who had recently left him and their home in Newburgh, Orange County, New York. (R. Lipton, EBT, p. 51; B. Lipton EBT, pp. 54-60; Hulbert EBT, p. 19; Wooton EBT, p. 7).

       2.     Late in the afternoon of February 14, 1999 John Wooton a part-time officer with the Woodstock police department was at a vehicle and traffic stop on Glasgow Turnpike in the Town of Woodstock. (Wooton EBT, pp. 5-6).

       3.     While at that stop he was approached by Ron Lipton who asked him directions to the Wrolsen residence in the Town of Saugerties. (Wooton EBT, pp.

5-7).

4. Wooton was unaware of this location and radioed his dispatcher, George France, for help and was thereafter able to give the requested directions. (France affidavit; Wooton EBT, p. 8).

5. Upon until that time John Wooton never heard of the Liptons or the Wrolsens and was unaware that John Wrolsen, one of Ms. Wrolsen's brothers was a part-time officer in the Town of Saugerties. (Wooton EBT, pp. 8-9).

6. The Wrolsen name was similarly unknown to co-defendants Kevin Lane and Edwin Brewster. (Lane EBT, p. 5; Brewster EBT, p. 8).

7. The Town of Saugerties borders the Town of Woodstock and police officers on patrol in Woodstock are able to monitor radio communications from the Town of Saugerties. (France affidavit).

8. While continuing on patrol after his initial meeting with Mr. Lipton, Wooton heard the Town of Saugerties police department dispatch a vehicle to the Wrolsen residence on a trespass complaint. (Wooton EBT, pp. 14-22).

9. He suspected it might involve the people to whom he had earlier given directions and asked his dispatcher, George France, for further details as he had just observed the Lipton vehicle at a Mobil station in the Town of Woodstock. (Wooton EBT, pp. 14-22).

10. While he awaited further information he parked his vehicle across the street from the gas station and shortly thereafter he was advised that the Saugerties police department had a signed complaint for trespass against the

Liptons and its request that the Woodstock police department arrest them. (Amended complaint ¶18; France affidavit; Wooton EBT, pp. 32-33; Hulbert EBT, p. 34; Lane EBT, pp. 13-14.  See also, Exhibit "A", the Wrolsen trespass complaint and Saugerties police report).

11. Thereafter Wooton and Officer Kevin Lane, who had previously joined Wooton at the location across the street from the gas station, proceeded to the Liptons and placed them under arrest on the trespass charges.  (Wooton EBT, pp. 33-34; Lane EBT, pp. 20-21).

12. While conversing with Brett Lipton who was seated in the Liptons' car, Officer Lane observed a shotgun in the backseat of the vehicle.  (Lane EBT, pp. 16-17).

13. After the Liptons were brought to the station on the Wrolsen trespass charge that had been filed with the Saugerties police department the weapon was measured and the erroneous conclusion reached that it was illegally short.  As a result, weapons charges were prepared and plaintiffs were brought before Judge Husted of the Woodstock Justice Court, arraigned and remanded to the Ulster County Jail on $20,000 bail for Ron Lipton and $10,000 for Brett Lipton.  (Wooton EBT, pp. 44-46; Brewster EBT, pp. 22-24; Exhibits "B" (weapons complaint) and "C" (securing orders; Exhibit "G" - Woodstock Court Adjournment Record).

14. The following day, February 15, 1999, President's Day,  the error with respect to the measurement of the weapon was discovered and Chief Brewster directed that the District Attorney's office be notified.  (Brewster EBT, pp.

29-31).

15. Officer Wooton was notified of the error by Sergeant Von deBogart of the Woodstock Police Department while at home and thereafter went to the station. There he learned that the chief had been advised and had already requested that the District Attorney's office be notified. (Wooton affidavit).

16. On the afternoon of September 17, 1999, Wooton appeared at the Woodstock Justice Court before it convened and met with Assistant District Attorney Peter Matera. He relayed to him the mistaken measurement and was thereafter advised by Mr. Matera that the preliminary hearing would be canceled as a result. (Wooton affidavit; Matera affidavit.)

17. When he left court that afternoon he assumed, correctly, that the Liptons would be immediately released. He was not contacted again by ADA Matera with respect to these charges. (Wooton affidavit; Exhibit "C" - release information on securing orders).

18. After speaking with Wooton in advance of the preliminary hearing and learning the weapon was not too short, Matera requested that the hearing be canceled and the Liptons released. (Matera affidavit.)

19. Both Liptons were represented by counsel during these proceedings. (Exhibit "G" - Woodstock Court Adjournment Record.)

20. Despite their release on the Woodstock charges, both plaintiffs were immediately taken into custody by the New York State Police on charges filed in the Town of Newburgh by Paula Wrolsen. (Exhibit "D" - Wrolsen supporting deposition

and criminal complaints).

21.   Arrest warrants for Ronald and Brett Lipton had been filed by the State Police at the Ulster County Jail on Monday, February 15 based upon the Paula Wrolsen charges.  (Exhibit "E").

22.   Ronald Lipton remained in custody on the Paul Wrolsen charges until Friday night, February 19 when he posted bail at the Orange County Jail.  (R. Lipton EBT, pp. 33-34, 38-42).

23.   Brett Lipton remained in custody on the Paula Wrolsen charges until Thursday, February 18 when he made bail at the Orange County Jail.  (B. Lipton EBT, pp. 214-220).

24.   Although Ronald Lipton did not know the specific details, he had learned that additional charges were pending against him while still at the Ulster County Jail prior to his release on the Woodstock charges.  (R. Lipton EBT, pp. 160-163).

25.   The Woodstock proceedings were adjourned on consent and for all purposes on February 17, 1999 until March 17.  (Exhibit "G".)

26.   On March 17, 1999, they were again adjourned until April 28, 1999.  (Exhibit "G".)

27.   On April 28, 1999, they were again adjourned on consent and for all purposes to May 26, 1999.  (Exhibit "G".)

28.   On May 26, 1999, Assistant District Attorney Matera first moved to reduce the charges to misdemeanors and then for dismissal which applications

were granted.  (Matera affidavit; Exhibits "F" and "G".)

DATED:     Poughkeepsie, New York
                July3, 2003

                              Yours, etc.

                              McCABE & MACK LLP


                              By:   *s/David L. Posner*
                                  David L. Posner *(601389)*
                              *Attorneys for Defendants*
                              63 Washington Street
                              P.O. Box 509
                              Poughkeepsie, NY 12602-0509
                              Tel: (845) 486-6800

TO:    ROBERT KEACH, ESQ.
          *Attorney for Plaintiffs*
          One Steuben Place
          Albany, NY 12207

          GERALD D'AMELIA, JR., ESQ.
          PHELAN, BURKE & SCOLAMIERO, LLP
          *Attorneys for Defendants Town of Saugerties, Hulbert and John Doe*
          P.O. Box 15085
          Albany, NY 12212-5085