UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RONALD LIPTON and BRETT LIPTON,

                Plaintiffs,        ANSWER
                                                 00-CV-319

JOHN WOOTON, KEVIN LANE, EDWIN      LEK/RWS
BREWSTER and the TOWN OF WOODSTOCK

                Defendants.

      The defendants, John Wooton, Kevin Lane, Edwin Brewster and the Town of Woodstock, answering the complaint of the plaintiffs herein:

      1.     Admits the allegations of paragraphs "2", "3" and "4" of the Complaint.

      2.     Denies knowledge or information sufficient to form a belief as to the following paragraphs of the plaintiffs' Complaint: "1", "7", "11", "27" and to any extent realleged in paragraphs "29" and "35".

      3.     Denies knowledge or information sufficient to form a belief as to paragraphs "6" and "10", as defendant refer all questions of law to the Court, and to any extent realleged in paragraphs "29" and "35".

      4.     Denies the following allegations of the plaintiffs' Complaint as complete or accurate representations, and therefore, denied: "8", "9", "12", "13" and to any extent realleged in paragraphs "29" and "35".

      5.     Denies the following allegations of the plaintiffs' Complaint: "5", "14", "15", "16", "17", "18","19", "20", "21", "22", "23", "24", "25", "26", "28", "30", "31",

"32", "33", "34", "36", "37", "38", "39" and to any extent realleged in paragraphs "29" and "35".

6. Denies any allegations or claims not otherwise addressed, above.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7. The complaint fails to state a cause or causes of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8. No notice of claim(s) was served upon the defendants. The plaintiff has failed to comply with Sections 50-e and Section 50-I of the General Municipal Law.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9. The Court lacks jurisdiction over the subject matter of this litigation.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10. Any and all of the acts of the answering defendant(s), or their servants or employees, were performed in good faith and without malice and as such are not actionable and/or are privileged.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11. That the answering defendant(s) was acting in their official, public capacities, in a public form and their actions, activities and spoken words were privileged, and that in stopping or otherwise detaining the plaintiffs, the answering defendant(s) acted upon reasonable and/or probable cause.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12. That in causing the arrest of the plaintiffs, the answering defendant(s) acted in good faith, without malice and in the honest belief that the plaintiffs had committed the said offense.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13. That any force used by any answering defendant(s) was both reasonable and necessary, privileged and non-excessive under the facts and circumstances.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

14. That any force used by any answering defendant was justified and necessary as a matter of self-defense.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15. In entering upon the activity which the plaintiffs were engaged at the happening of the occurrences claimed by the plaintiffs, the plaintiffs knew the hazards thereof and the inherent risk of such activity and had full knowledge of the methods to be used and the performance of said activity and the dangers thereof such that whatever injuries and damages were sustained by the plaintiffs as contended arose from or were caused by the risks of said activity with such risks being accepted and assumed by the plaintiffs in entering into and continuing with such activities.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

16. Whatever injuries the plaintiffs may have sustained were caused, in whole or in part or were contributed to by the culpable conduct and want of care of the plaintiffs or by someone over whom the answering defendants had no control.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

17. Whatever injuries and damages may have been sustained by the plaintiffs were sustained by reason of the plaintiffs' own intentional and wrongful conduct.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18. The plaintiffs' complaint, to the extent that it seeks exemplary or punitive damages, violates the defendants' right to procedural due process under the United States Constitution and the Constitution of the State of New York, violates the defendant's right to protection from "excessive fines", contrary to the United States Constitution and the Constitution of the State of New York, violates the defendant's right to substantive due process as provided for in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of New York, and, therefore, fails to state a cause or causes of action supporting the punitive or exemplary damages. The defendant(s) believes that said claims are barred by Article VI of the United States Constitution.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

19.     That it was objectively reasonable in light of clearly established law for each defendant to believe that defendant's acts did not violate plaintiffs' Constitutional rights.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

20.     That it was not clear at the time of the official acts complained of herein that an interest asserted by the plaintiff was protected by federal statute, the Constitution of the United States, New York State Law, or otherwise protected.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

21.     That the municipal defendant had no policy or custom to deprive citizens of Constitutional rights.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

22.     That the plaintiffs have failed to mitigate damages.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

23.     That any and all of the acts of the answering defendants, or their agents, servants or employees, were authorized, proper and justified pursuant to Article 140 of the Criminal Procedure Law and Article 35 of the Penal Law, Article 140 of the Penal Law and Article 265 of the Penal Law of the State of New York and any applicable case law thereunder.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

24. That the acts and/or statements of the defendants, agents or employees, were done in the pursuit of law enforcement operations with reasonable and/or probable cause, in good faith, in accordance with lawful procedure and are protected via qualified immunity.

WHEREFORE, defendants demand judgment dismissing the complaint; and furthermore, said defendants demand that the ultimate rights of the parties be determined and apportioned, that the defendants be awarded costs and attorney's fees, and any other relief to which the Court deems just, proper and appropriate.

DATED:   April 18, 2000
         Albany, New York

MAYNARD, O'CONNOR, SMITH
& CATALINOTTO, LLP

By: _____
    Edwin J. Tobin, Jr., Esq.
Bar Roll No.: 105247
Attorneys for Defendants
JOHN WOOTON, KEVIN LANE, EDWIN
BREWSTER and the TOWN OF
WOODSTOCK
80 State Street, Seventh Floor
Albany, New York 12207
Telephone: (518) 465-3553

TO:  Robert N. Isseks, Esq.
     Attorney for Plaintiffs
     6 North Street
     Middletown, New York 10940
     (914) 344-4322

Alex Smith, Esq.
Attorney for Plaintiffs
41 Dolson Avenue
Middletown, New York 10940
(914) 343-2101

*1772.18733/108537*

7