UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

RONALD LIPTON and BRETT LIPTON,                          **AFFIDAVIT**

                             Plaintiffs,

                                                         00 CIV 319 (HGM)(RFT)

      -against-

JOHN WOOTON, KEVIN LANE, EDWIN BREWSTER, TOWN
OF WOODSTOCK, TOWN OF SAUGERTIES, GREG
HULBERT, Chief of the Town of Saugerties Police Department,
and JOHN DOE, an unidentified Town of Saugerties Police
Officer,

                             Defendants.
-----------------------------------------------------------------------x

STATE OF NEW YORK    )
                        ) SS:
COUNTY OF ULSTER    )

      JOHN WOOTON, being duly sworn, deposes and says:

      1.      I am a defendant in this matter and make this affidavit in connection with a

motion for partial summary judgment which is being filed on defendants' behalves.

      2.      I am a part-time member of the Town of Woodstock Police Department and was

so employed on February 14, 1999 working the "C-line", 3:00 to 11:00 p.m. shift.

      3.      At approximately 5:00 to 5:30 p.m. I, and Officer Kevin Lane, approached the

Liptons who were at a Mobil station in the Town of Woodstock for the purpose of placing them

under arrest at the request of the Saugerties police department which had advised the

Woodstock department that it had a signed complaint against them for trespass.

      4.      After being placed under arrest, they were brought to the Woodstock Police

Department.

      5.      A shotgun had been found in their car and once back at the station I measured it

and formed the belief that it was illegal in that its barrel was too short. I now know that that

measurement was incorrect and the gun was in fact legal.

      6.      Based upon the belief that they were in possession of an illegal weapon, the

charge of criminal possession of a weapon in the third degree was leveled against each and

after arraignment before the Town of Woodstock Justice they were remanded to the Ulster County Jail.

7.     I was not scheduled to work on either Monday, February 15 or Tuesday, February 16 but sometime on the 15th I received a call at home from Sergeant Van deBogart advising me of the error and that the weapon was in fact legal.

8.     When I got to the station I met with Sergeant Van deBogart who told me that the weapon was of a legal length and I also learned that Chief Brewster had been advised of the mistake and had directed that the District Attorney be notified.

9.     On Wednesday, February 17th I met Peter Matera, the Assistant District Attorney who regularly handles the Town of Woodstock court, in advance of the previously scheduled court date for this matter.  At the arraignment on February 14th I learned that the next appearance was on the 17th.

10.     I met with ADA Matera in the mid to late afternoon in advance of the scheduled preliminary hearing and advised him that the measurement of the weapon was mistaken and that it was legal.  On completion of our conversation Mr. Matera went into the courtroom to advise the necessary parties of this fact. He also told me that there would be no preliminary hearing and it was my understanding that the Liptons would be released from custody on this charge that afternoon.

11.     I had no further contact with Mr. Matera concerning these charges and was never required to return to court in connection with them.

_S/John Wooton_ _____
JOHN WOOTON

Sworn to before me this
23rd day of June, 2003.

_S/Linda A. Rose_ _____
Notary Public

    LINDA A. ROSE
Notary Public, State of New York
    No. 01R06009333
    Qualified in Ulster County
Commission Expires June 22, 2006