UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

RONALD LIPTON and BRETT LIPTON,                    **AFFIDAVIT**

                      Plaintiffs,

                                                                                                       00 CIV 319 (HGM)(RFT)

    -against-

JOHN WOOTON, KEVIN LANE, EDWIN BREWSTER, TOWN
OF WOODSTOCK, TOWN OF SAUGERTIES, GREG
HULBERT, Chief of the Town of Saugerties Police Department,
and JOHN DOE, an unidentified Town of Saugerties Police
Officer,

                      Defendants.
-----------------------------------------------------------------------x

STATE OF NEW YORK    )
                              ) SS:
COUNTY OF ULSTER     )

       PETER MATERA, being duly sworn, deposes and says:

       1.      I am an attorney licensed to practice law in the State of New York and maintain a private practice in West Park, New York. I am also an Assistant District Attorney for the Ulster County District Attorney's office and have held this position since 1987. In 1999 I was assigned to cover the Justice Court in the Town of Woodstock and in February 1999 was the prosecuting Assistant District Attorney involved in the matters involving Mr. Ronald Lipton and Mr. Brett Lipton who had been arrested on February 14, 1999 and charged with criminal possession of a weapon in the third in violation of Penal Law §265.02.

       2.      A preliminary hearing on the felony charges was scheduled in the Town of Woodstock Justice Court on February 17, 1999 and I arrived early in order to meet with Officer John Wooton to prepare it. Immediately upon meeting Officer Wooton he informed me that an error in the measurement of the weapon had been made and that the shotgun found in their car was legal. Based upon this information it was necessary to secure the Liptons' release from custody and after going into the courtroom I located Tom Petro, Esq., the attorney representing them. I advised Mr. Petro and the court of the fact that an error had been made in the measurement of the gun and that my office was not going to proceed with the preliminary

hearing and the Liptons should be released.

3. At that time Mr. Petro suggested that the charges be resolved with an adjournment in contemplation of dismissal, ACD, pursuant to CPL §170.55. Before any decision was made in this regard I learned that upon their release the Liptons were being taken into custody by the New York State Police in connection with charges which I believed were pending in Newburgh, Orange County, New York. I contacted my office to advise it of this development and of what I had been informed by Officer Wooton and my decision to recommend the Liptons be released from custody. At that time my office recommended that rather than dispose of the charges pending in Woodstock the matter be adjourned for a reasonable period of time. Additionally at some point during these proceedings the Assistant Public Defender was also advised of the error in the measurement of the shotgun.

4. I informed Mr. Petro of my conversation with the District Attorney's office to which he had no objection and, as a result, the matter was adjourned on consent of all parties and for all purposes until March 17, 1999. The Liptons were released from custody on the Woodstock charges.

5. The matter came on again before the Woodstock court on March 17, 1999 at which time Mr. Petro appeared for Ronald Lipton and the public defender for Brett Lipton. Again the matter was adjourned on consent for all purposes until April 28, 1999.

6. On April 28, 1999 the matter was again adjourned on consent for all purposes to May 26, 1999. My notes reflect that on April 28, Brett Lipton was not present and neither was Ronald Lipton who was noted to be on trial in the Town of Newburgh.

7. On May 26, 1999, my application to reduce the charges to misdemeanors and thereafter have them dismissed was granted and the matters were resolved. Neither defendant was present on May 26, 1999 although their counsel was present.

8. At no time between February 17, 1999 when I learned of the legality of the weapon from Officer Wooton through May 26, 1999, when the charges were ultimately dismissed, was I ever advised by Officer Wooton or any other member of the Woodstock Police

Department that the gun was illegal nor did I ever indicate to the attorneys representing Ronald Lipton or Brett Lipton that it was the position of my office, or the police department, that the weapon was illegal and that the prosecution would resume.

                                           *s/Peter Matera*
                                           PETER MATERA

Sworn to before me this
3rd day of July, 2003.

*S/Patricia Ackerman*
Notary Public

     PATRICIA ACKERMAN
Notary Public, State of New York
    No. 01AC6061820
  Qualified in Ulster County
Commission Expires July 23, 2005